UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RONALD COX,<br><br>  Defendant. | No. 20-CR-20007 |

## MOTION TO POSSESS ELECTRONIC DISCOVERY

Defendant RONALD COX, through his attorney Baku Patel of Patel Law, P.C., pursuant to Local Rule 16.2(D), and General Order 20-01, hereby respectfully moves this Court for an Order allowing counsel to directly share an electronic copy of his discovery with Mr. Cox, and to leave an electronic copy in Mr. Cox's possession.

To that end, Mr. Cox asks that the Court waive the limitations imposed by Local Rule 16.2(B)(3-4), and he asks that the Court order the United States Attorney's Office for the Central District of Illinois to immediately provide the Livingston County Jail with a laptop for Mr. Cox to use while reviewing his electronic discovery. If the United States Attorney does not have a laptop available for placement in the Livingston County Jail, Mr. Cox requests that the Court order the United States Attorney to inspect (and, if necessary and permitted by the jail, configure) the computers used by Livingston County state defendants, to ensure that they are suitable for federal defendants, too.

In support he states as follows:

## Electronic Discovery in Jails

1. Mr. Cox is currently detained at the Livingston County Jail.

2. According to oral representations made by officials at the Livingston County Jail, Illinois state-case defendants housed there may receive discovery. When the discovery is sent on a disc or other electronic medium, the defendants look at it on a non-networked computer (*i.e.*, no internet, no printing capabilities).

3. According to the jail, when defendants receive discovery, the jail administration keeps custody of it, and only gives it to defendants when requested. It must be returned after each viewing session. The discovery is not left in the defendants' jail cells.

4. Some Central District of Illinois defendants at Livingston County Jail already receive discovery. *United States v. Vue*, 19-30046 (permitting electronic discovery to be sent to defendant at Livingston County Jail).

5. Defendants charged in the Central District of Illinois who are detained at the Mason, Macon, Pike, and Peoria County Jails already regularly receive copies of their discovery on disks. *See e.g., United States v. Harris, 18-30023* (January 9, 2019 text order permitting defense counsel to send paper copies to defendant at Macon County). *United States v. Hampton*, 20-30010 (permitting electronic discovery to be sent to defendant at Mason County Jail);; *United States v. Hoyt*, 19- 3004 (permitting electronic discovery to be sent to defendant at Pike County Jail); *United States v. Burgess*, 18-10047 (permitting electronic discovery to be sent to defendant at Peoria County Jail).

**The COVID-19 Outbreak**

6. On July 17, 2020, Chief Judge Darrow issued the Fifth Amended General Order 20-01, acknowledging the significant threat that COVID-19 poses to public health, and communicating a policy intended to keep defendants and their counsel safe, in part through limiting in-person contact.

7. The COVID-19 outbreak is a public health emergency.

8. By requiring defense counsel to physically enter a jail and sit in close proximity to defendants just so they can independently read their discovery, presents an increased threat to the health of defendants, counsel, jail staff, and the public at large.

9. Local Rule 16.2(B)(3) prohibits defense counsel from making a copy of discovery and giving it to his or her client.

10. Enforcement of that rule may be waived by Court Order, pursuant to Local Rule 16.2(D).

11. The federal interest served by Rule 16.2(B) is limited, since defendants in other federal districts in Illinois get to review their discovery on discs without presence of an attorney.

12. The localized federal interest served by Rule 16.2(B) is also limited, since defendants housed at Mason, Pike, Peoria, Macon County Jails already get to review discovery on discs without presence of an attorney. And some at Livingston County already get their discovery.

13. Not only does providing Mr. Cox with discovery disks promotes fairness (giving him the same rights as defendants who stay at other jails and some who are at his jail), it also would assist the Livingston County Jail staff's effort to keep the jail secure from COVID-19.

14. This Court should also do all it can to limit visits into the county jails.

15. Defense counsel can discuss strategy and planning via telephone.

WHEREFORE, Mr. Cox requests that the Court enter an Order, pursuant to L.R. 16.2(D), allowing counsel to directly share an electronic copy of his discovery with Mr. Cox, and to leave an electronic copy in Mr. Cox's possession.

Respectfully submitted,

s/Baku N. Patel
Baku N. Patel - Bar No.: 6244272
Attorney for Defendant
Patel Law, P.C.
Attorneys at Law
108 W. University Ave.
Urbana, Illinois 61802
Telephone: (217) 384-1111
Fax: (217) 384-7058
E-mail: Baku@patellawteam.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

United States Attorney
201 S. Vine
Urbana, IL 61801

s/Baku N. Patel
Baku N. Patel - Bar No.: 6244272
Attorney for Defendant
Patel Law, P.C.
Attorneys at Law
108 W. University Ave.
Urbana, Illinois 61802
Telephone: (217) 384-1111
Fax: (217) 384-7058
E-mail: Baku@patellawteam.com